ORIGINAL

# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS

FILED

FEB 1 3 2015

U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * * * * * * * * * * *
CARMEN RAMIREZ, on behalf of          *
LUIS ARROYO-RAMIREZ                   *    No. 14-866V
                                      *    Special Master Christian J. Moran
              Petitioner,             *
                                      *    Filed: February 13, 2015
v.                                    *
                                      *    Dismissal; H1N1 vaccine;
SECRETARY OF HEALTH                   *    no subject matter jurisdiction;
AND HUMAN SERVICES,                   *    statute of limitations.
                                      *
              Respondent.             *
* * * * * * * * * * * * * * * * * * * * * * *
```

Carmen Ramirez, pro se, Rancho Cucamonga, CA, for petitioner;
Justine E. Walters, United States Dep't of Justice, Washington, DC, for respondent.

### UNPUBLISHED DECISION DENYING COMPENSATION[1]

Carmen Ramirez filed a petition on behalf of her son, Luis Arroyo-Ramirez, under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-1 to 300aa-34, on September 17, 2014. Her petition alleged that her son suffered from postural orthostatic tachycardia syndrome (POTS), resulting from the receipt of the H1N1 vaccine administered to him on October 25, 2009. This case is dismissed because the undersigned lacks subject matter jurisdiction and the statute of limitations has run.

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

## I. Procedural History

On September 17, 2014, Ms. Ramirez, representing herself, filed a petition. She filed six pages of medical records with her petition as required by 42 U.S.C. § 300aa-11(c).

An initial status conference was held on October 16, 2014. During the status conference, respondent noted that the 2009 H1N1 vaccine is not covered and a separate program, Countermeasures Injury Compensation Program, may offer compensation. Petitioner indicated that she had filed a claim in this program. Respondent stated that she would inquire on the status of petitioner's claim.

After the status conference, the respondent was ordered to file a status report or motion to dismiss and the petitioner a response in 30 days. Order, issued Oct. 17, 2014. On November 13, 2014, respondent filed her Rule 4 report and motion to dismiss. In her motion to dismiss, respondent stated that the 2009 H1N1 vaccination is not covered under the Vaccine Act. Resp't's Rep't at 2. She noted that since the 2009 H1N1 is not covered, petitioner is unable to show that Luis "received a vaccine set forth in the Vaccine Injury Table." Id.

Additionally, respondent stated that Luis's claim is time-barred. Resp't's Rep't at 3. Luis received the vaccination on October 25, 2009. Id. The petition stated that Luis suffered the onset of POTS that day. Pet. at 3. The medical records indicated that Luis's symptoms have been occurring for at least three years. Id. at 9, 11, 14; Resp't's Rep't at 3. If correct, the cause of action accrued in October 2009, and time for filing a claim elapsed in October 2012. 42 U.S.C. § 300aa-16(a)(2).

A status conference was held on December 10, 2014, petitioner told the undersigned that she wished to respond to respondent's report and motion to dismiss. On December 29, 2014, petitioner's response was filed.[2] Petitioner noted that somebody needs to take responsibility for the damage to her son. Pet'r's Resp. at 1. She continued that before the vaccine his health was good. Id. Ms. Ramirez stated that Luis's POTS condition damaged many areas of his body and he will continue to have future health problems. Id. at 2.

---

[2] The clerk's office docketed petitioner's response incorrectly. Thus, the undersigned ordered petitioner to file her response on January 16, 2015, although the clerk's office had received her response on December 29, 2014.

## II. Analysis

The basis for this motion to dismiss was the 2009 H1N1 vaccination is not covered under the Vaccine Act. On April 12, 2005, the trivalent influenza vaccine was added to the Vaccine Injury Table. 42 C.F.R. § 100.3(a). The H1N1 vaccine was administered as a monovalent vaccine during the 2009-10 flu season and is not included in the seasonal trivalent influenza vaccine. Karol v. Sec'y of Health & Human Servs., No. 12-433V, 2012 WL 3744655, at *2 (Fed. Cl. Spec. Mstr. July 27, 2012). Therefore, this vaccine is not within the jurisdiction of the Office of Special Masters. Id. Since Ms. Ramirez cannot receive compensation on a claim based on a vaccine not listed on the Vaccine Injury Table, the petition must be dismissed.

A second basis for this motion to dismiss is petitioner's case is time-barred. Under the Vaccine Act, the petition is required to be filed prior to the expiration of 36 months after the first symptom or manifestation of onset of the alleged vaccine injury. 42 U.S.C. §300aa-16(a)(2). The statute of limitations begins to run on the date of occurrence of the first symptom of onset. Id.; Cloer v. Sec'y of Health & Human Servs., 654 F.3d 1322, 1334 (Fed. Cir. 2011) (en banc). According to petitioner's medical records, the doctor's evaluations on January 31, 2014, March 26, 2014, and June 3, 2014 noted that his symptoms have been ongoing for at least three years. Pet. at 9, 11, 14. Petitioner explained that the delay in filing her petition resulted from the difficulty in diagnosis. Id. at 1. Yet, the first symptom or manifestation of onset is not always the date of diagnosis. Carson v. Sec'y of Health & Human Servs., 727 F.3d 1365, 1369 (Fed. Cir. 2013). Here, if Luis's condition began shortly after his H1N1 vaccine on October 25, 2009, the statute of limitations required this case to be filed no later than October 26, 2012. The petition should be dismissed because it is not timely filed.[3]

**Thus, this case is dismissed for lack of subject matter jurisdiction, and statute of limitations. The Clerk shall enter judgment accordingly.**

The Clerk's Office is instructed to mail a courtesy copy of this order to Ms. Ramirez return receipt requested.

---

[3] Petitioner did not claim equitable tolling. Even if the petitioner presented a persuasive equitable tolling argument, the petition would still be dismissed for lack of subject matter jurisdiction.

3

Any questions may be directed to my law clerk, Christina Gervasi, at (202) 357-6521.

**IT IS SO ORDERED.**

*Christian J. Moran*
Christian J. Moran
Special Master